1 | MICHAEL A. PAINTER, Bar #43600
painter@ikplaw.com
2 | ISAACMAN, KAUFMAN & PAINTER
10250 Constellation Boulevard, Suite 2900
3 | Los Angeles, California 90067
(310) 881-6800 - Telephone
4 | (310) 881-6801 - Facsimile

6 | Attorneys for Plaintiff,
REJUVENATION SCIENCE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| REJUVENATION SCIENCE, INC., a California corporation, | CASE NO. |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT FOR TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN |
| NEW HORIZON HEALTH, INC., a California corporation; and DOES I - X, Inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

**COME NOW THE PLAINTIFF**, REJUVENATION SCIENCE, INC., and for causes of action against the defendant, complains and alleges as follows:

MAP-RSI-2242

## JURISDICTION

1. This is a civil action which arises under Sections 32(1) [15 U.S.C. §1114(1)] and 43(a) [15 U.S.C. §1125(a)] of the United States Trademark Act. Jurisdiction is based upon 15 U.S.C. Section 1121 and 28 U.S.C. Section 1338(a).

## THE PARTIES

2. Plaintiff, REJUVENATION SCIENCE, INC., is a California corporation having its principal place of business in Redondo Beach, California (hereinafter referred to as "RSI").

3. Plaintiff is informed and believes and, based on such information and belief, alleges that defendant, NEW HORIZON HEALTH, INC., is a California corporation having its principal place of business in Westlake Village, California and does business throughout the United States in general and in the Central District of California in particular. (hereinafter referred to as "New Horizon").

4. The true names or capacities, whether individual, corporate, associate, representative, or otherwise, of the defendants named herein as DOES I - X, inclusive, are unknown to plaintiff who therefore, pursuant to Local Rule 19-1 of this Court, sues said defendants by such fictitious names and plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff hereby repeats and realleges Paragraphs 1 - 4, inclusive, as though set forth in full herein again.

6. In 2004, and long prior to any of the acts of the defendant complained of in this Complaint, RSI's predecessor-in-interest adopted REJUVENATION SCIENCE as a trademark to designate vitamins and dietary food supplements, said trademark being extensively used, advertised and promoted throughout the United States in general and in the State of California in particular.

7. Since long prior to any of the acts of the defendant complained of in this Complaint, RSI's predecessor-in-interest applied for and registered its REJUVENATION SCIENCE trademark on the Principal Register in the United States Patent and Trademark Office, a copy of Certificate of Trademark Registration No. 2,957,858 being attached hereto as Exhibit 1. Based upon the rights accorded registration of the trademark and the trademark's long and continuous use by RSI and its predecessor-in-interest to designate vitamins and dietary food supplements, RSI owns the exclusive right to manufacture and sell vitamins and dietary food supplements identified by the REJUVENATION SCIENCE trademark and to advertise and promote the sale of vitamins and dietary food supplements through the use of the REJUVENATION SCIENCE trademark.

8. Defendant is using the trademark REJUVENATION SCIENCE LABS to designate vitamins and dietary food supplements despite the fact the identified trademark wrongfully appropriates RSI's registered REJUVENATION SCIENCE trademark and is confusingly similar thereto.

9. Defendant's act of manufacturing, distributing, advertising, marketing and promoting the sale of vitamins and dietary food supplements through the use of the trademark REJUVENATION SCIENCE LABS is directed to the same segment of the purchasing public to which RSI directs its products.

10. RSI has demanded that defendant cease and desist from the aforesaid violation of it's rights, defendant having refused to do so. This is therefore an exceptional case within the meaning of §35 of the United States Trademark Act, 15 U.S.C. §1117, entitling RSI to recover reasonable attorneys' fees.

## FIRST COUNT FOR FEDERAL TRADEMARK INFRINGEMENT

11. Plaintiff hereby repeats and realleges Paragraphs 1 - 10, inclusive, as though set forth in full herein again.

12. Defendant's use of the trademark REJUVENATION SCIENCE LABS alleged above to identify, distribute, advertise and/or promote the sale of vitamins and dietary food supplements is likely to cause confusion or mistake or to deceive the purchasers of its products as to the source of origin of defendant's products and to cause defendant's products to be passed off or viewed as those which are provided or authorized by RSI.

13. That unless restrained by this Court, defendant will continue to use the trademark REJUVENATION SCIENCE LABS to manufacture, identify, distribute, advertise and/or promote the sale of vitamins and dietary food supplements and, as a result thereof, the public generally will be misled and deceived into believing that the products of defendant are those of, or are affiliated with RSI, to the irreparable damage and injury of the business of RSI.

14. The aforesaid actions of defendant have irreparably damaged RSI and will, unless restrained, continue to so damage the business of RSI and its good will, for all of which there is no adequate remedy at law.

## SECOND COUNT FOR FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

15. Plaintiff hereby repeats and realleges Paragraphs 1 - 10, and 11 - 14, inclusive, of the First Count as though set forth in full herein again.

16. Defendant's above-alleged actions constitute the use in connection with goods of false or misleading descriptions and representations with respect to the origin, sponsorship or approval of its products and the publicity therefor by suggesting that such goods and the advertising thereof are connected with or associated, sponsored or affiliated with RSI, or that the same truly originated with

RSI. Defendant has caused its vitamins and dietary food supplements, and the distributing, identifying, advertising and/or promotion thereof, to enter United States commerce. The misappropriation and use of RSI's REJUVENATION SCIENCE trademark by defendant as well as defendant's other actions described above constitute false and misleading descriptions of fact and representations of fact that are likely to give the public a false impression and to confuse the public as to the source of defendant's goods.

17.  RSI is informed and believes and, based on such information and belief, alleges that defendant adopted and used the trademark REJUVENATION SCIENCE LABS with actual knowledge of RSI's long prior use of the REJUVENATION SCIENCE trademark with the intent to trade on the reputation and good will of that trademark.

18.  RSI has demanded that defendant cease and desist from the aforesaid violation of it's rights, defendant having refused to do so. This is an exceptional case within the meaning of §35 of the United States Trademark Act, 15 U.S.C. §1117, entitling RSI to recover reasonable attorneys' fees.

19.  The aforesaid actions of defendant have irreparably damaged RSI and will, unless restrained, continue to so damage the business of RSI and its good will, for all of which there is no adequate remedy at law.

**WHEREFORE**, plaintiff seeks judgment against defendant as follows:

1.  That defendant and its officers, agents, servants, employees, attorneys, confederates, related companies, and all persons acting in concert or participation with it, be enjoined and restrained during the pendency of this action, and permanently thereafter:

(a)  from using in any manner as a trademark or trade name the trademarks REJUVENATION SCIENCE and/or REJUVENATION SCIENCE LABS alone or in combination with any other word or words or design, in connection with identifying, distributing, advertising, promoting and/or offering for sale

1 | or the sale of vitamins and dietary food supplements not produced by plaintiff, or
2 | not authorized by plaintiff to be sold in connection with said mark;
3 |     (b)    from passing off, inducing or enabling others to sell or pass off
4 | vitamins and dietary food supplements that is not plaintiff's or not offered under
5 | the control and supervision of plaintiff and approved by plaintiff, through the use
6 | of the trademarks REJUVENATION SCIENCE and/or REJUVENATION
7 | SCIENCE LABS or formatives thereof;
8 |     (c)    from committing any acts calculated to cause purchasers to
9 | believe that defendant's vitamins and dietary food supplements are sponsored by or
10 | approved or connected with or guaranteed by or offered and sold under the control
11 | and supervision of plaintiff; and
12 |     (d)    from otherwise competing unfairly with plaintiff in any manner.
13 |     2.    That defendant be required to deliver up to plaintiff or destroy any and
14 | all price lists, labels, signs, prints, packages, wrappers, receptacles, advertising
15 | matter, promotional and other material in the possession of defendant, or under its
16 | control bearing the trademark REJUVENATION SCIENCE LABS alone, or in
17 | combination with any other word or words or design used in connection with the
18 | identifying, distributing, advertising, promotion or sale of vitamins and dietary
19 | food supplements not produced by plaintiff or not made under the supervision and
20 | control of plaintiff.
21 |     3.    That defendant account for and pay over to plaintiff all damages
22 | sustained by plaintiff and all profits realized by defendant by reason of defendant's
23 | unlawful acts and that the amount of damages for infringement of plaintiff's
24 | trademark be increased by a sum not exceeding three times the amount thereof as
25 | provided by Section 35 of the United States Trademark Act, 15 U.S.C. §1117.
26 |     4.    That plaintiff be awarded its costs of suit, including reasonable
27 | attorneys' fees and have such other and further relief as to the Court may deem
28 |

1 | equitable, including but not limited to, any relief set forth under Section 34-39 of
2 | the United States Trademark Act.

**PLAINTIFF DEMANDS A JURY TRIAL OF THIS ACTION.**

Respectfully submitted,

ISAACMAN, KAUFMAN & PAINTER

By: _____
Michael A. Painter
Attorneys for Plaintiff
REJUVENATION SCIENCE, INC.

Dated: April 3, 2015

# EXHIBIT 1

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 2,957,858
Registered May 31, 2005

## TRADEMARK
### PRINCIPAL REGISTER

# REJUVENATION SCIENCE

DISCOUNT HERBS AND VITAMINS, INC. (CALIFORNIA CORPORATION)
811 N. CATALINA AVENUE
REDONDO BEACH, CA 90277

FOR: VITAMINS AND DIETARY FOOD SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 10-1-2004; IN COMMERCE 10-1-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 76-571,697, FILED 1-23-2004.

RENEE MCCRAY, EXAMINING ATTORNEY