1  MICHAEL A. PAINTER, Bar #43600
   painter@ikplaw.com
2  ISAACMAN, KAUFMAN & PAINTER
   1888 Century Park East, Suite 1500
3  Los Angeles, California 90067
   (310) 881-6800 - Telephone
4  (310) 881-6801 - Facsimile

FILED
CLERK, U.S. DISTRICT COURT
SEP - 1 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Plaintiff,
REJUVENATION SCIENCE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJUVENATION SCIENCE, INC., a California corporation,<br><br>Plaintiff,<br><br>v s.<br><br>NEW HORIZON HEALTH, INC., a California corporation; MARK MERRIMAN, MD., an individual; EMERALD BAY ACQUISITIONS, INC., a Nevada corporation; DOES I - X, Inclusive,<br><br>Defendants. | CASE NO.<br>CV-15-2461-BRO(PJWx)<br><br>JOINT STIPULATED PROTECTIVE ORDER |

*This Order does not authorize the parties to file documents under seal. Under seal filings are governed by rule 79-5. PJW*

It is hereby stipulated, by and between plaintiff REJUVENATION SCIENCE, INC., and defendants, NEW HORIZON HEALTH, INC. and MARK MERRIMAN, M.D. to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

MAP-RSI-2258

This action involves claims of trademark infringement (and related claims) against defendants, NEW HORIZON HEALTH, INC. and MARK MERRIMAN, M.D. ("Defendants") by plaintiff, REJUVENATION SCIENCE, INC. ("Plaintiff"). In connection with the claims and defenses in this case, each party has requested and/or intends to request the discovery of documents and information that is particularly sensitive, confidential and proprietary information relating to customers or suppliers, prices, goods sold, internal operating procedures, internal operating expenses associated with particular goods, operating margins, gross and net profits and the like and the composition of products.

Plaintiff and Defendants contend that disclosure of non-public information, such as financial information and details of the composition of products, including but not limited to business plans, marketing plans, financial statements and the terms of any relationship with the customers and suppliers of plaintiff or Defendants, to other companies would give those companies a competitive advantage to which they are not lawfully entitled. Plaintiff and Defendants contend they have good cause to protect the confidentiality of their purchases, sales, and operating information from the public and other companies. As this type of confidential sales and operating information is not ordinarily available to other companies, including manufacturers, distributors, customers, and retailers, plaintiff and Defendants contend that this information requires special protection from disclosure pursuant to F.R.C.P. 26(c) to the extent relevant to this case.

WHEREAS, Plaintiff and Defendants having stipulated to the following provisions herein and having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of confidential, competitively sensitive and/or proprietary information, that may need to be disclosed to adversary parties in connection with discovery in this case; and

WHEREAS the parties have further consented to the form of this Order and stipulated that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. **Form of Information Governed**.

This Order shall govern any document, information or other thing which is designated as containing "Confidential Information" as defined herein, and is furnished by any party or nonparty to any party in connection with this action.

2. **Definition of Confidential Information**.

(a) The term "Confidential Information" shall be interpreted to mean financial information, including but not limited to, business plans, marketing plans (including marketing surveys, strategies, performance and projections), financial statements (including budgets, sales or profit projections or reports, profit and loss statements, balance sheets and income statements), the terms of any relationship with the customers or suppliers of a producing party and the composition of the products of Plaintiff and Defendants.

(b) The scope of this Order shall be understood to encompass not only those items or things which are expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or integrally related thereto. The parties agree to treat as confidential any information produced by a third party if: (i) the third party has marked the documents or things produced as confidential or otherwise designated the information as confidential in

MAP-RSI-2258

–3–

1 the manner set forth in this Protective Order; and (ii) the documents or things
2 produced fall within the definition of Confidential Information.
3     **3.**   **Designated Material**.
4     (a)   In this action, any person or entity or party to this action or
5 third-party witness (including counsel for the party or witness) (hereinafter the
6 "Designating Person") (i) producing, formally or informally, information or
7 material, including information from the inspection of files, documents, and
8 facilities, and documents obtained or received by counsel for either party pursuant
9 to pretrial discovery in this action from any other party or third-party witness, in
10 response to a discovery request or otherwise, or (ii) lodging with the Court any
11 information or material, may designate such information or material as Confiden-
12 tial Information under this Order. All such information and material and all
13 information or material derived from any such designated information or material
14 constitutes "Designated Material" under this Order. The form of information
15 protected includes, but is not limited to, documents and things, responses to
16 requests to produce documents or other things, responses to interrogatories,
17 responses to requests for admissions, deposition testimony and exhibits, and all
18 copies, extracts, summaries, compilations, designations and portions thereof.
19     (b)   The designation shall be made by marking the material either
20 "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY," or, in the
21 case of information from the inspection of files, documents, or facilities, by
22 informing the inspecting party that the information is either "CONFIDENTIAL" or
23 "CONFIDENTIAL - ATTORNEYS ONLY" in writing.
24     (c)   The "CONFIDENTIAL — ATTORNEYS ONLY" classifica-
25 tion, being more highly protective of disclosure than the "CONFIDENTIAL"
26 classification, governs information that would materially affect the business,
27 financial, or commercial interests of the person producing such material if such
28 information is disclosed. Types of materials that may be entitled to protection

1. under the "CONFIDENTIAL — ATTORNEYS ONLY" designation are limited to, business plans, marketing plans (including marketing surveys, strategies, performance, and projections), financial statements (including budgets, sales or profit projections or reports, profit and loss statements, balance sheets and income statements), documents that identify the terms of any relationships with the customers or suppliers of a producing party and the composition of the products manufactured and/or sold by the parties.

(d) Designation of information or material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" under this Protective Order shall not create or alter any presumptions of confidentiality.

(e) Whenever only a portion of a document or thing is properly deemed "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" under this Protective Order, the Designating Person shall, to the extent practicable, limit the designation to such portion of the material.

4. **Access**.

Designated Material is subject to this Protective Order and shall be retained by receiving party's counsel, and neither the document nor other material so designated, nor the information disclosed therein, shall be disclosed to or used by any non-designating party or other person other than as provided below:

(a) Material designated "CONFIDENTIAL" shall be disclosed only to (1) the officers of the parties to this action pursuant to the terms of paragraph (c) below, and (2) those individuals to whom Designated Material may be disclosed under the terms of subparagraphs (b), (c), (e) and (i) below.

(b) Material designated "CONFIDENTIAL - ATTORNEYS ONLY" shall be disclosed only to counsel, their legal associates and non-attorney office personnel; and also to a limited number of outside consultants (i.e., persons not an employee of a party), pursuant to subparagraph (c) below. Material designated "CONFIDENTIAL - ATTORNEYS ONLY" specifically may not be

1 disclosed to the officers, directors, members and/or employees of parties to this
2 action.

3     (c) Each person in paragraph 4(b) above, other than counsel, and
4 their legal associates and non-attorney office personnel, to whom disclosure may
5 be made by counsel for a non-designating party shall execute the attached Exhibit
6 to Joint Stipulated Protective Order to be delivered beforehand to such Designating
7 Person. Furthermore, outside consultants, in addition to executing the Exhibit to
8 the Joint Stipulated Protective Order, shall, prior to their receipt of any Designated
9 Material, be identified, in the manner set forth below, to the Designating Person.
10 Counsel, the members of their respective law firms, and their employed associates
11 and personnel shall not be required to be identified or to sign the Exhibit to the
12 Joint Stipulated Protective Order, it being understood that they are bound by the
13 terms hereof. The identification of persons under this paragraph shall include the
14 full name, address, past and present employer(s), positions and responsibilities, and
15 a statement concerning any involvement or affiliation, including stock ownership,
16 with the parties to this action or any related corporate entity to a party, or with
17 manufacturers, distributors, or sellers in the vitamins and dietary food supplement
18 industry. The Designating Person shall have seven (7) calendar days from receiv-
19 ing the required identification to deliver to the notifying party and to serve on all
20 other parties any good faith written objections to such disclosure to the person or
21 persons selected by the counsel for the notifying party; such written objections
22 must provide a detailed explanation of the basis for the objections. Absent timely
23 objection, disclosure by the notifying party to the identified person or persons shall
24 be deemed approved. Upon timely objection, disclosure to the objected-to person
25 or persons shall not be made in order to permit the Designating Person time to
26 move for an order that disclosure not be made to the identified person or persons.
27 If agreement cannot be reached within five (5) days, counsel for the objecting party
28 may seek appropriate relief from the Court in accordance with Local Rule 37 and

MAP-RSI-2258      -6-

the party asserting confidentiality shall have the burden of proving same. Thereafter all the remaining provisions of Local Rule 37 shall apply and the Designating Person shall set the motion to be heard for the earliest possible date available. If no such motion is made in such time and manner, disclosure by the objecting party to the identified person or persons shall be deemed approved. If such a motion is made, there shall be no disclosure to the identified person or persons until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

(d) Designated Material shall not be used by a recipient thereof or disclosed for any purposes other than for litigation of this action.

(e) Court Reporters and Interpreters. Court reporters and interpreters, who may be present at depositions, shall be presented with a copy of this Protective Order and acknowledge the obligation to be bound by its terms.

(f) Copies. Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 10 of this Order.

(g) Derivative Documents. Documents created in whole or in part with information derived from documents designated under this Protective Order shall be designated in the same manner as the source documents.

(h) Party's Own Information. The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a party from another party, or from a nonparty who has claimed its disclosure is confidential.

(i) Authors and Addressees. The designation of any document or thing as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document.

5. **Designating Documents and Materials**.

When a party producing documents or things wishes to designate some portion as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY," such designation shall be made in the following manner: (1) For documents, by placing an appropriate legend on each page of the document; (2) For tangible objects, by placing a label or tag on the object or the container therefor, or if not practicable, as otherwise agreed; (3) For written discovery responses, by providing any portion thereof containing Confidential Information in a separate document, appended to the main body of the response (appropriately marked in accordance with paragraph 3(b) hereof) and incorporated by reference therein; (4) For declarations or pleadings, in writing in the declaration or pleading and on the face of any such declaration or pleading; (5) For depositions, following the procedure set forth in paragraph 6; and (6) For oral disclosures (other than deposition testimony) which are the subject of paragraph 2(b) above, by oral communication contemporaneous with the disclosure followed by confirmation in writing within fourteen (14) calendar days of the disclosure thereof.

6. **Designating Depositions**.

(a) Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" by a Designating Person either: (i) during the deposition, in which case the transcript of the designated testimony shall be transcribed on separate pages and marked by the reporter, as the Designating Person may direct; or (ii) by captioned, written notice to the reporter and all counsel of record, given within thirty (30) days after the reporter sends written notice that the transcript is available for review, in which case the court reporter shall mark the designated portion in the original transcript as though that portion was timely designated during the deposition session. Counsel receiving such notice shall be responsible for destroying any copies of the improperly designated transcript or portion thereof in their possession or control

MAP-RSI-2258

Case 2:15-cv-02461-BRO-PJW Document 37 Filed 08/26/15 Page 9 of 14 Page ID #:162

upon the availability of the properly designated transcript from the court reporter. Pending expiration of the thirty (30) days under (ii), deposition transcripts and exhibits not previously produced shall be treated as if they had been designated "CONFIDENTIAL - ATTORNEYS ONLY."

   (b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 4 of this Order. The failure of such other persons to comply with a request of this type shall constitute substantial justification for the counsel to advise the witness he need not answer a question seeking the revelation of confidential information.

   (c) Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 4 of this Order. In addition, Designated Material may be used by the receiving or non-designating parties in deposing the Designating Person, and in deposing any directors, officers, employees, agents, or attorneys of such Designating Person.

  **7.** **Designation Challenges**.

   A party may challenge any other party's designation of information or materials produced herein as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the basis for the asserted designation within ten (10) days after receiving any written objection. If agreement cannot be reached within five (5)) calendar days, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of providing same. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or

materials in question as designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY."

8. **Court Procedures Under Seal**.

Upon the Court's approval to file documents under seal, the submissions shall then be made in accordance with Local Rule 79-5.1. In applications and motions to the Court, all submissions of Designated Material shall be filed with the Court in sealed envelopes on which shall be affixed the title of the particular action, the title of the document, the word "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS ONLY" and a statement substantially in the following form:

"THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT."

Unless otherwise ordered by the Court, any hearing which may refer to or describe Designated Material shall be held only after appropriate steps are taken to ensure that the confidentiality of the information is preserved during the hearing.

9. **Exceptions**.

The restrictions on dissemination of Confidential Information contained herein shall not apply to information which, prior to disclosure hereunder, is either in the possession or knowledge of the receiving party or person who, absent this Order is under no restriction with respect to the dissemination of such confidential information, or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated under this Order.

MAP-RSI-2258

-10-

**10. No Prejudice.**

(a) Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the permissible scope of discovery. This Order is intended to provide a mechanism for the handling of Confidential Information to which there is no objection to producing or disclosing other than as to its confidentiality.

(b) Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

(c) This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

(d) The acceptance of Designated Material shall not constitute an admission or concession or permit an inference that the Confidential Information is, in fact, confidential.

(e) This Order shall be without prejudice to the right of any receiving party or persons to bring before the Court at any time the question of whether any particular information is properly categorized.

(f) The burden of proof with respect to the propriety or correctness in the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS ONLY" shall rest on the party making such designations.

(g) If at any time prior to the trial of this action a producing person or party realizes that some portions of the information or material that person or party previously produced without limitation should be designated as "CON-FIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY," the producing person or party may so designated by so apprising all parties in writing, and such designated portion(s) of the material or information will thereafter be treated as

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" under the terms of this Order.

(h) In the event that any Confidential Information is disclosed, either willfully or inadvertently, by a receiving party in contravention of this Order, the Confidential Information shall not lose its status through such disclosure and the disclosing party shall take all steps reasonably required to assure its continued confidentiality.

**11. Final Disposition.**

(a) Upon final termination of this action, each receiving party shall be under an obligation to assemble and return to the producing party all Designated Material produced in the terminated action that contains confidential information still subject to this Protective Order, including Derivative Documents and all copies thereof; provided, however, the counsel of record may elect to destroy any such materials.

(b) Notwithstanding the provisions of paragraph 10(a), the counsel for a receiving party may retain one copy of pleadings, attorney and consultant work product, Designated Materials and depositions taken in this action which contain confidential information that remains subject to this Protective Order.

**12. Modification and Survival.**

The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This order shall survive termination of this action.

Case 2:15-cv-02461-BRO-PJW Document 43 Filed 09/01/15 Page 13 of 14 Page ID #:222
Case 2:15-cv-02461-BRO-PJW Document 37 Filed 08/26/15 Page 13 of 14 Page ID #:166

**13. Jurisdiction of this Court.**

The Court's jurisdiction to enforce the terms of this Order expires six months after final termination of the action.

Respectfully submitted,

ISAACMAN, KAUFMAN & PAINTER, P.C.

Dated: August 26, 2015    By:   /Michael A. Painter/
                                Michael A. Painter
                                Attorneys for Plaintiff

DINSMORE & SANDELMANN LLP

Dated: August 26, 2015    By:   /Lewis Stevenson/
                                Lewis Stevenson
                                Attorneys for Defendants

IT IS SO ORDERED.
DATED: 9/1/15
[signature]
UNITED STATES MAGISTRATE J.

MAP-RSI-2258

-13-

**EXHIBIT TO JOINT STIPULATED PROTECTIVE ORDER**

I, _____, hereby declare:

1. I have received a copy of the Joint Stipulated Protective Order, which is attached hereto and has been entered by the Court ("Protective Order").

2. I have read the Protective Order and am fully familiar with its terms.

3. I agree to comply with, and be bound by, the Protective Order until relieved by further Order of the Court or by written agreement of the parties.

4. I agree to submit to jurisdiction of this Court if any dispute arises over my use of the Confidential Information covered under the Protective Order or over any other issues raised under the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 2015 at _____, _____.

_____
(Signature)

_____
(Print name)

MAP-RSI-2258

-14-